LOUIS GIROUD, APPELLANT, v. NEW JERSEY MANUFAC-TURERS' CASUALTY INSURANCE COMPANY, RESPOND-ENT.

Argued May 29, 1929—Decided February 3, 1930.

This was an action at law in the Supreme Court, Atlantic county.  On behalf of the defendant motion was made to

strike out the complaint on the ground that it did not disclose any cause of action. The matter came on to be heard before Circuit Court Judge Sooy, who, after hearing the motion, made an order that the complaint be struck out; and judgment was thereupon entered in the Supreme Court, and the plaintiff appeals from that judgment to this court. The judgment rests upon the order striking out the complaint, and Judge Sooy in deciding the matter filed the following conclusions:

"This is a motion to strike the complaint on the ground that it does not disclose a legal cause of action.

"The complaint alleges (paragraph 2) that defendant issued its policy of insurance or contract of indemnity, to the S. T. Co., thereby agreeing to indemnify it, the S. T. Co., against loss or damage from bodily injury, &c., by any person or persons by reason of the maintenance, operation or use of the automobiles described in the schedule annexed to the policy, for which loss or damage the said assured, or any other person operating such automobile with the permission of the assured, should be legally liable or responsible.

"Paragraph 3 alleges that plaintiff, while the policy was still in force, suffered bodily injury by reason of being struck by one of the automobiles described in the schedule aforesaid and while said auto was being operated by a Mr. A., with the permission of the assured, the S. T. Co., that A. was the owner of the auto and legally responsible for the operation thereof.

"Paragraph 4 alleges that the result of a suit against the S. T. Co. and A. resulted in a joint judgment against both defendants and in favor of this plaintiff; that the S. T. Co. appealed from the judgment and that A. obtained a rule to show cause why the judgment should not be set aside; that the Court of Errors and Appeals reversed the judgment as to the S. T. Co. and that the Supreme Court dismissed A.'s rule.

"Paragraph 5 alleges that execution was issued against A., returned unsatisfied, and that A. is insolvent.

"Paragraph 7 alleges that the contract of indemnity afore-

said provides that if judgment should be recovered against the assured and execution be returned unsatisfied, because of the insolvency of such assured, and if the insurance company, the defendant herein, would have been liable under the terms of its policy, to the assured, had the execution been satisfied, then the person injured may bring suit against the insurance company, and plaintiff further alleges that by the terms of the policy it was further agreed that the indemnity provided by the policy was extended so that the same should be available to any person lawfully operating with the permission of the assured, any auto described in the schedule and to any person, firm or corporation legally responsible for the operation thereof.

"Paragraph 8 alleges that the policy to indemnify the S. T. Co. was extended to include indemnity to A. and that the legal responsibility of A. to respond to the present plaintiff having been established by the Supreme Court as aforesaid and A. being insolvent, that plaintiff is entitled to recover against this defendant.

"It will be observed that the allegation of the complaint is that the policy was and is a contract of indemnity. This is borne out by the terms of the policy. It is further alleged that it is a policy of indemnity to the S. T. Co. against damages by reason of the operation, &c., of the autos described in the schedule annexed thereto, for which damages the S. T. Co. or any person operating with its permission would be legally responsible.

"The policy and schedule are annexed to and made a part of the complaint.

"The schedule refers to an endorsement by the terms of which certain autos owned by the S. T. Co. are enumerated. The schedule does not list the truck of A. specifically, so that the truck is not included in the schedule unless it may be said to be included in subdivision "c" thereof, which is in language following, "as to commercial autos and/or trailers to be hired," under which no autos or trailers are listed but for which, if hired, a premium of .90 is to be charged.

"It thus appears that the coverage on A.'s truck, if it was

covered, must have been (a) because the S. T. Co. had hired the truck from A. or, that it was a truck operated by A. with the permission of the S. T. Co.

"Ordinarily, this court would be bound by the averments in the complaint, but, if the facts asserted therein are notoriously known to be otherwise and definitely established by the Court of Errors and Appeals to be otherwise, then, on this motion, this court is not bound by them.

"The Court of Errors and Appeals, in *Giroud* v. *Stryker Transportation Co.*, 104 *N. J. L.* 424, has held that A. was not the servant of the S. T. Co. in the operation of the truck on the day and at the time and place of the accident, but that A. was then and there an independent contractor, saying: "The question before us is whether the driver (A.), in collecting and delivering of the gravel, was a servant, for whose acts the appellant (S. T. Co.) was liable under the doctrine of *respondeat superior,* or an independent contractor, for whose acts it was not liable." The court held that the relation of master and servant did not exist but that A. was an independent contractor.

"It would seem that, under this decision, the truck of A. was not included in the schedule as a "hired" truck, nor was it being operated by or with the permission of the S. T. Co.

"To hire property involves the idea of passing of the possession, management and control of the thing hired into the hands of the hirer. No such thing happened here under the language of the decision above quoted.

"Nor was A.'s truck being operated by A. with the permission of the S. T. Co. Consent means, as I understand the use of that word 'to yield when one has the right, power or will not to do so.' Stryker had contracted with A. to do certain work and, in that respect, may be said to have consented that A. should employ the means necessary to carry out the work and, incidental thereto, to use the truck in question, but, can it be said that S. consented as contemplated by the ninth section of the policy? S. had contracted with A. to do the hauling and, thereafter, S. did not

have the power to deny A. the use of the truck nor did S. consent to the use thereof as contemplated by section 9 aforesaid, which section reads as follows:

" 'The indemnity provided by this policy is extended so that the same shall be available, in the same manner and under the same conditions as it is available to the named assured, to any person or persons while riding in or lawfully operating the automobile described in the schedule and to any person, firm or corporation legally responsible for the operation thereof, provided such use or operation is with the permission of the named assured.'

"There can be no question but that the policy was and is one of indemnity, *i. e.*, to indemnify Stryker for 'loss or damage for which the assured shall become legally liable.' (The Court of Errors and Appeals has said that Stryker is not legally liable) as well as under section 9, to indemnify 'any person or persons while riding in or lawfully operating the auto, with the permission of the named assured,' but it seems to me that the plaintiff cannot claim advantage under the indemnity clause of this policy.

"There can be no question but that if the indemnity extends to A., and A. is insolvent, that plaintiff is entitled to the benefit of the indemnity, but, the insolvency of A. does not help plaintiff unless the policy may be extended so as to cover indemnity to A.

"The fleet clause of the policy, so called, does not help the plaintiff. The policy is, by this endorsement, amended: '(a) This policy is intended to cover all commercial automobiles and/or trailers owned and/or hired and used by the assured during the policy period.'

"This endorsement does not apply to the situation as it existed between the S. T. Co. and because the auto was not owned by S. nor was it used or hired by S.

"The motion to strike the complaint is granted."

For the appellant, *Burton A. Gaskill*.

For the respondent, *Cole & Cole*.

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Judge Sooy on the motion to strike.

*For reversal*—None.